933 F.2d 1016
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Julian CARDENAS-BARRERA, Defendant-Appellant.
 No. 90-50602.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1991.*
Decided May 15, 1991.
 Before TANG, REINHARDT and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Julian Cardenas-Barrera appeals the district court's imposition of a thirty-month sentence after he pleaded guilty to possession of a controlled substance with intent to distribute. 21 U.S.C. Sec. 841(a)(1). The appellant contends that he was entitled to a minimal participant reduction under the United States Sentencing Guidelines Sec. 3B1.2(a). This court has jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm the sentence of the district court.
 
 BACKGROUND
 
 3
 Cardenas-Barrera was arrested on April 21, 1990, at the San Ysidro border inspection station when it was discovered that the car he was driving contained marijuana. He asserts that on the morning of April 21, he crossed the border into Mexico with his common law wife and her daughter to run errands. While returning to the United States through the pedestrian border crossing area, he was allegedly approached by a man who offered him $150 to drive a car containing drugs across the border. The marijuana packages discovered in the car driven by Cardenas-Barrera were individually marked with the letter 'A'. Apparently, earlier on the same day, another car was stopped at the San Ysidro inspection station carrying similarly-marked packages.
 
 
 4
 On July 9, 1990, Cardenas-Barrera pleaded guilty to one count of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). It was stipulated that Cardenas-Barrera was in possession of seventy-six kilograms of marijuana. Incorporating a two-point reduction for acceptance of responsibility, the presentence report calculated an offense level of twenty. Based on a criminal history category of one, the applicable sentencing range was thirty-three to forty-one months. The report recommended a sentence of thirty-seven months.
 
 
 5
 On October 1, 1990, during Cardenas-Barrera's sentencing hearing, the district court concluded that he was entitled to a two-level reduction as a minor participant in the crime. U.S.S.G. Sec. 3B1.2(b). The court's conclusion was based on Cardenas-Barrera's perceived role as a courier in a drug trafficking organization. The resulting offense level was eighteen, corresponding to a twenty-seven to thirty-three month range. The court sentenced Cardenas-Barrera to thirty months' imprisonment. This appeal followed.
 
 DISCUSSION
 
 6
 Cardenas-Barrera argues that the district court erred in denying him a four-point reduction as a minimal participant pursuant to U.S.S.G. Sec. 3B1.2(a).[1] First, he contends that the district court applied an incorrect legal standard in concluding that the four-point reduction was not warranted. Second, he contends that even if the court applied the correct legal standard, it erred in denying the reduction on the merits. While the district court's determination that a defendant is not a minimal participant is a factual determination which we review for clear error, United States v. Sanchez-Lopez, 879 F.2d 541, 557 (9th Cir.1989), we review the district court's legal application of the Guidelines de novo. United States v. Foreman, 905 F.2d 1335, 1337 (9th Cir.1990). Because we conclude that the appellant was not entitled to a four-point reduction, we affirm the sentence of the district court.[2]
 
 
 7
 The appellant's argument for a minimal participant reduction is founded on the presumption that his possession of marijuana was only small part of a large conspiracy. In United States v. Zweber, 913 F.2d 705 (9th Cir.1990), the defendants were convicted of distributing cocaine in violation of 21 U.S.C. Sec. 841(a). Id. at 706. They argued on appeal that, for the purposes of Sec. 3B1.2 reduction, their role in a larger cocaine conspiracy should be considered by the court. Id. at 708. Although it was not a crime for which they were convicted, the government stipulated, presumably for purposes of their Sec. 3B1.2 argument, that the defendants had participated in a drug conspiracy. Id. In essence, the defendants sought a reduction for their roles in an "uncharged and unconvicted conspiracy." Id.
 
 
 8
 In rejecting the defendants' argument, this court held that role adjustments under Sec. 3B1.2 are only available for a defendant's "role in the conviction offense, not in charged or uncharged collateral conduct." Id. at 709; see also United States v. Lillard, slip op. 4171, 4176-77 (March 29, 1991) (explaining Zweber holding and distinguishing role enhancements under U.S.S.G. Sec. 3B1.1). In refusing to base a Sec. 3B1.2 reduction on a larger conspiracy, the court noted that evidence of collateral conduct is only properly considered to clarify, if necessary, a defendant's role in the conviction offense. Zweber, 913 F.2d at 709.
 
 
 9
 In the instant case, Cardenas-Barrera's "conviction offense" is possession of marijuana with intent to distribute. Therefore, under Zweber, evidence concerning the appellant's role would only be relevant to the consideration of a Sec. 3B1.2 reduction if it were necessary to clarify his role in the possession offense. Where only one defendant is involved in a crime as narrowly defined as possession with intent to distribute, no clarification of the defendant's role is needed. Therefore, any evidence of a larger conspiracy--of which the possession was allegedly a part--is irrelevant. Whether or not he was a single courier in a larger conspiracy, Cardenas-Barrera's role in the possession of the marijuana found in the car he was driving cannot be deemed minimal under Sec. 3B1.2(a).
 
 
 10
 Following Zweber, we find that Cardenas-Barrera was not entitled to a minimal participant reduction under U.S.S.G. 3B1.2(a). We note that in operating to deny Cardenas-Barrera a minimal participant reduction, the Zweber rule promotes sentence proportionality by ensuring that a defendant "who is part of a large conspiracy but convicted of only possession not be rewarded for his participation in the conspiracy by receiving a lighter sentence than one who was convicted of possession but had no connections to a larger scheme." Lillard, slip op. at 4177-78. The sentence imposed by the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 3B1.2(b) provides for a two-level reduction for a "minor participant", while Sec. 3B1.2(a) provides for a four-level reduction for a "minimal participant". The appellant received the two-level reduction at sentencing, but argues on appeal that he should have received the four-level reduction
 
 
 [2]
 We note at the outset that our reasons for concluding that the appellant was not entitled to a four-point, minimal participant reduction are equally applicable to the two-point, minor role reduction awarded by the district court. However, we do not disturb the court's grant of the two-point reduction because that issue is not properly before this court